JUDGE SWEET

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JF 9058)
Brian S. Schaffer (BS 7548)
Eric J. Gitig (EG 7399)
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

12 CV 3228

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
APR 24 2012
U.S.D.C. S.D.N.Y.
CASHIERS

---

**SABAS ESPITIA and ROGELIO RAMIREZ** on behalf of themselves and all others similarly situated,

**Plaintiffs,**

-against-

**60 GREENWICH, LLC d/b/a GUSTO RISTORANTE E BAR AMERICANO, 60-62 GREENWICH REALTY, LLC and SASHA MUNIAK,**

**Defendants.**

---

**CLASS ACTION COMPLAINT**

Plaintiffs Sabas Espitia and Rogelio Ramirez (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, overtime compensation, spread-of-hours pay, misappropriated tips, and other wages for Plaintiffs and their similarly situated co-workers – servers, bussers, runners, bartenders, barbacks, dishwashers, desert platers, salad preparers, pasta preparers and other food service workers – who work or have worked at Gusto Ristorante e Bar Americano, located at 60 Greenwich Avenue, New York, New York 10011 ("Gusto"). Gusto is owned, operated and controlled by 60 Greenwich, LLC, 60-62 Greenwich Realty, LLC, and Sasha Muniak (collectively "Defendants").

2.      Located in the heart of New York City's West Village, Gusto is owned and operated by well known restaurateur Sasha Muniak.

3.      Along with Gusto, Sasha Muniak owns and operates five prominent restaurants in Manhattan, Centro Vinoteca, Mangia 48, Mangia 23, Mangia 57, and Mangia Organics.

4.      Best known for its fine dining experience and light Italian cuisine, Gusto has received rave reviews in local and national press, including New York Magazine and the New York Times.

5.      Defendants maintain a policy and practice whereby food service workers are not compensated for all hours worked in a workweek. Regardless of the actual amount of time Plaintiffs and other food service workers are required to work, Defendants reduce employees' hours by thirty minutes per shift for breaks, even though Plaintiffs and other food service workers often are not permitted to take breaks.

6.      Food service workers at Gusto are required to engage in a tip distribution scheme whereby Defendants retain tips paid by customers for delivery services.

7.      Plaintiffs bring this action on behalf of themselves and similarly situated current and former food service workers at Gusto who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and other similarly situated employees of their lawfully earned wages.

8.      Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former food service workers at Gusto  pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19,

§§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiffs

**Sabas Espitia**

9.    Sabas Espitia ("Espitia") is an adult individual who is a resident of Corona, New York.

10.    Espitia has been employed by Defendants at Gusto as a Desert Plater, Salad Preparer, and Pasta Preparer from in or around November 2008 until the present.

11.    Espitia is a covered employee within the meaning of the FLSA and the NYLL.

12.    A written consent form for Espitia is being filed with this Class Action Complaint.

**Rogelio Ramirez**

13.    Rogelio Ramirez ("Ramirez") is an adult individual who is a resident of Astoria, New York.

14.    Ramirez has been employed by Defendants at Gusto as a Runner and Delivery Person from in or around June 2007 until the present.

15.    Ramirez is a covered employee within the meaning of the FLSA and the NYLL.

16.    A written consent form for Ramirez is being filed with this Class Action Complaint.

### Defendants

17.    Defendants jointly employed Plaintiffs and similarly situated employees at all times relevant. Each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

18.    Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

19.    Upon information and belief, Defendants' operations are interrelated and unified.

20.     Upon information and belief, during all relevant times, Gusto shared a common management and was centrally controlled and/or owned by Defendants.

**60 Greenwich, LLC**

21.     Together with the other Defendants, 60 Greenwich, LLC ("60 Greenwich") has owned and/or operated Gusto during the relevant period.

22.     60 Greenwich is a domestic business corporation organized and existing under the laws of New York.

23.     Upon information and belief, 60 Greenwich's principal executive office is located at 16 East 48th Street, New York, New York 10017.

24.     60 Greenwich is the corporate identity that appears on Plaintiffs' paychecks.

25.     60 Greenwich is the corporate identity that appears on the New York State Liquor Authority License for "Gusto."

26.     At all relevant times, 60 Greenwich has had the power to transfer the assets or liabilities of Gusto.

27.     At all relevant times, 60 Greenwich has had the power to declare bankruptcy on behalf of Gusto.

28.     60 Greenwich is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and similarly situated employees.

29.     At all relevant times, 60 Greenwich maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

30.     60 Greenwich applies the same employment policies, practices, and procedures to all food service workers, including policies, practices, and procedures with respect to payment of

minimum wage, overtime compensation, spread-of-hours pay, and customer tips.

31.   Upon information and belief, at all relevant times 60 Greenwich's annual gross volume of sales made or business done was not less than $500,000.00.

**60-62 Greenwich Realty, LLC**

32.   Together with the other Defendants, 60-62 Greenwich Realty, LLC ("60-62 Greenwich") has owned and/or operated Gusto during the relevant period.

33.   60-62 Greenwich is a domestic business corporation organized and existing under the laws of New York.

34.   Upon information and belief, 60-62 Greenwich's principal executive office is located at 60 Greenwich Avenue, New York, New York 10011.

35.   At all relevant times, 60-62 Greenwich has had the power to transfer the assets or liabilities of Gusto.

36.   At all relevant times, 60-62 Greenwich has had the power to declare bankruptcy on behalf of Gusto.

37.   60-62 Greenwich is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and similarly situated employees.

38.   At all relevant times, 60-62 Greenwich maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

39.   60-62 Greenwich applies the same employment policies, practices, and procedures to all food service workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and customer tips.

40.   Upon information and belief, at all relevant times 60-62 Greenwich's annual gross volume of sales made or business done was not less than $500,000.00.

**Individual Defendant**

**Sasha Muniak**

41.     Upon information and belief, Sasha Muniak ("Muniak") is a resident of New York.

42.     Upon information and belief, Muniak has been, at all times relevant, the Owner of Gusto.

43.      Muniak is identified by the New York State Liquor Authority, as the Principle of Gusto.

44.     Upon information and belief, at all relevant times, Muniak has had power over personnel decisions at Gusto, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

45.     Upon information and belief, at all relevant times, Muniak has had power over payroll decisions at Gusto, including the power to retain time and/or wage records.

46.     Upon information and belief, at all relevant times, Muniak is actively involved in managing the day to day operations of Gusto.

47.     Upon information and belief, at all relevant times, Muniak has had the power to stop any illegal pay practices that harmed Plaintiffs.

48.     Upon information and belief, at all relevant times, Muniak has had the power to transfer the assets or liabilities of Gusto.

49.     Upon information and belief, at all relevant times, Muniak has had the power to declare bankruptcy on behalf of Gusto.

50.     Upon information and belief, at all relevant times, Muniak has had the power to enter into contracts on behalf of Gusto.

51.     Muniak is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

52.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

53.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

54.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

55.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

56.     Plaintiffs bring the First and Second Causes of Action, FLSA claims, on behalf of themselves and all similarly situated persons who have worked as food service workers at Gusto, who elect to opt-in to this action (the "FLSA Collective").

57.     Consistent with Defendants' policy and pattern or practice, Plaintiffs and the FLSA Collective were not paid minimum wages for all hours worked and premium overtime compensation for all hours worked beyond 40 per workweek.

58.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

59.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

(a)     willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for hours worked in excess of 40 hours per workweek; and

(b)      willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

60.      Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to record the hours employees work.

61.      Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all of the hours they worked.

62.      Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

63.      Plaintiffs and the FLSA Collective perform or performed the same primary duties.

64.      Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

65.      Plaintiffs bring the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as food service workers at Gusto in New York between April 24, 2006 and the date of final judgment in this matter (the "Rule 23 Class").

66.      Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

67.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

68.     Upon information and belief, the size of the Rule 23 Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

69.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

70.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations;

(b)     whether Defendants failed to pay Plaintiffs and the Rule 23 Class minimum wages for all of the hours they worked;

(c)     whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(d)     whether Defendants failed to provide Plaintiffs and the Rule 23 Class spread-of-hours pay;

(e)     whether Defendants misappropriated tips and/or service charges from Plaintiffs and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips and/or service charges paid by customers that were intended for Plaintiffs and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class;

(f)     whether Defendants distributed or retained a portion of the tips paid by customers to workers who are not entitled to receive tips under the NYLL;

(g)     whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Rule 23 Class, and other records required by the NYLL;

(h)     whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(i)  whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(j)  the nature and extent of class-wide injury and the measure of damages for those injuries.

71.  The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and all of the Rule 23 Class members work, or have worked, for Defendants as food service workers at Gusto in New York. Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be paid for all hours worked, to be paid overtime wages, to be paid spread-of-hours pay, and to retain customer tips. Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

72.  Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class. Plaintiffs recognize that any resolution of a class action must be in the best interest of the class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and the Rule 23 members.

73.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.   The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.   The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.   In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

74.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

75.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs, individually, as follows:

**Sabas Espitia**

76.     Defendants did not pay Espitia the proper overtime wages and spread-of-hours pay for all of the time that he was suffered or permitted to work each workweek.

77.     From in or around November 2008 until in or around June 2010, Espitia received weekly paychecks from Defendants that did not properly record or compensate Espitia for all the hours he worked.

78.     From in or around June 2010 until the present, Espitia received a weekly salary in cash from Defendants that did not properly compensate Espitia for all the hours he worked.

79.     Defendants repeatedly suffered or permitted Espitia to work over 40 hours per week as a Desert Plater, Salad Preparer, and Pasta Preparer without paying him premium overtime pay.

80.     Defendants did not pay Espitia spread-of-hours pay for all of the times that he worked in excess of 10 hours per day.

81.     Upon information and belief, Defendants did not keep accurate records of wages or hours worked by Espitia.

**Rogelio Ramirez**

82.     Defendants did not pay Ramirez the proper minimum wages, overtime wages and spread-of-hours pay for all of the time that he was suffered or permitted to work each workweek.

83.     Defendants did not inform Ramirez of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m), or the NYLL, 12 N.Y.C.R.R. part 137 and 146 *et seq.*

84.     From in or around June 2007 until in or around July 2010, Ramirez received weekly paychecks from Defendants that did not properly record or compensate Ramirez for all the hours he worked.

85.     From in or around June 2010 until the present, Ramirez received cash wages from Defendants that did not properly compensate Ramirez for all the hours he worked.

86.     Defendants repeatedly suffered or permitted Ramirez to work over 40 hours per week as a Runner and Delivery Person without paying him premium overtime pay.

87.     Defendants did not allow Ramirez to retain all of the tips and/or gratuities he earned from food delivery services.

88.     Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Ramirez earned.

89.     Defendants did not pay Ramirez spread-of-hours pay for all of the times that he worked in excess of 10 hours per day.

90.     Upon information and belief, Defendants did not keep accurate records of wages or hours worked by Ramirez.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

91.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

92.     Defendants failed to pay Plaintiffs and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

93.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

94.     At all times relevant, Plaintiffs and the members of the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

95.     Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), because Defendants failed to inform Plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m), and did not permit Plaintiffs and the members of the FLSA Collective to retain all of the tips they received.

96.     Defendants distributed a portion of tips received by Plaintiffs and the FLSA Collective to workers who do not "customarily and regularly" receive tips.

97.     Defendants did not permit Plaintiffs and the members of the FLSA Collective to retain all of the tips they received

98.     At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

99.     Defendants were required to pay directly to Plaintiffs and the members of the FLSA Collective the applicable federal minimum wage rate for all hours worked.

100.    Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

101.    As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

102.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the FLSA Collective.

103.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

<u>**SECOND CAUSE OF ACTION**</u>
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

104.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

105.   The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

106.   Defendants have failed to pay Plaintiffs and the members of the FLSA Collective overtime wages for all of the hours that they worked in excess of 40 hours in a work week.

107.   As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

108.   Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the FLSA Collective.

109.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## THIRD CAUSE OF ACTION
### New York Labor Law Article 19 – Minimum Wage
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

110.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

111.    Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

112.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

113.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiffs and the members of the Rule 23 Class within the meaning of the NYLL §§ 190, 651(5), 652, and the supporting New York State Department of Labor Regulations.

114.    Defendants were required to pay Plaintiffs and the members of the Rule 23 Class a minimum wage at a rate of  (a) $6.75 per hour for all hours worked from April 24, 2006 through December 31, 2006; (b) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (c) $7.25 per hour for all hours worked from July 24, 2009 through the present, under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

115.    Defendants failed to post, in a conspicuous place in their establishments, notices issued by the Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

116.     Defendants failed to furnish with every payment of wages to Plaintiffs and the members of the Rule 23 Class a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

117.     Defendants required Plaintiffs to share gratuities with non-tip eligible employees. As a result, Plaintiffs are entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate.

118.     Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

119.     Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law Article 19 – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

120.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

121.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

122. Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

123. Through their knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

124. Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours and Split Shift Pay
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

125. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

126. Defendants have willfully failed to pay Plaintiffs and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

127. By Defendants' failure to pay Plaintiffs and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

128. Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated

damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
**New York Labor Law –Tip Misappropriation**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

129.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

130.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of NYLL Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

131.    At all times relevant, each Defendant has been an employer within the meaning of the NYLL Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

132.    Defendants unlawfully demanded, accepted, or retained, directly or indirectly, part of the gratuities received by Plaintiffs and the members of the Rule 23 Class in violation of NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

133.    Defendants required Plaintiffs and the members of the Rule 23 Class to share part of the gratuities they received with employees other than waiters, servers, busboys, or similar employees, in violation of NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

134.    By Defendants' knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146, entitling Plaintiffs and the members of the Rule 23 Class to the value of the

misappropriated gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law– Recordkeeping Violation
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

135.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

136.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and  basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

137.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with an accurate statement of wages as required by NYLL Article 6, § 195,  containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net

wages.

138.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants one hundred dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6, § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all food service workers who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Gusto.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL Article 6, §§ 190 *et seq.*, NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

F.     Unpaid minimum wages, overtime pay, spread-of-hours pay, misappropriated tips and other unpaid wages, and liquidated damages permitted by law pursuant to the NYLL;

G.     One hundred dollars for each workweek that the violations of NYLL Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-d.

H.     Prejudgment and post-judgment interest;

I.     An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

J.     Reasonable attorneys' fees and costs of the action; and

K.     Such other relief as this Court shall deem just and proper.


Dated:        New York, New York
              April 24, 2012



                              Respectfully submitted,



                              _____
                              Brian S. Schaffer (BS 7548)


                              **FITAPELLI & SCHAFFER, LLP**
                              Joseph A. Fitapelli (JF 9058)
                              Brian S. Schaffer (BS 7548)
                              Eric J. Gitig (EG 7399)
                              475 Park Avenue South, 12th Floor
                              New York, NY 10016
                              Telephone: (212) 300-0375

                              *Attorney for Plaintiffs and*
                              *the Putative Class*

# FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Gusto Restaurant y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Gusto Restaurant and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

*Sabas Espitia*

Firma (Signature)

*Sabas Espitia Palafox*

Nombre legal completo (Imprenta) (Full Legal Name (Print))



## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Gusto Restaurant y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Gusto Restaurant and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.


*Rogelio Ramirez*
Firma (Signature)

*ROGELIO RAMIREZ MORAN.*
Nombre legal completo (Imprenta) (Full Legal Name (Print))